IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**REDWOOD FIRE AND CASUALTY INSURANCE COMPANY**,

          Plaintiff,

v.

**PROSIGHT SPECIALTY INSURANCE GROUP, INC.**, a New York Corporation; and **MAKSIM SARGYSAN DBA MAXIM TRUCKING**,

          Defendants.

**CASE No. 8:19-CV-77**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, REDWOOD FIRE AND CASUALTY INSURANCE COMPANY ("Redwood"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment. As grounds therefore Redwood alleges as follows:

## PARTIES

1. Plaintiff Redwood is an insurance company incorporated under the laws of Nebraska, with its principal place of business in Omaha, Nebraska.

2. Defendant Prosight Specialty Insurance Group, Inc.. ("Prosight") is a for-profit corporation incorporated under the laws of New York, with its principal place of business in New Jersey.

3. Defendant Maksim Sargysan DBA Maxim Trucking ("Sargysan") is a citizen of California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332.

5. There is complete diversity of citizenship between Redwood and the defendants, because Redwood is a citizen of Nebraska, Prosight is a citizen of New York and New Jersey, and Sargysan is a citizen of California.

6. The amount in controversy exceeds the sum of $75,000, exclusive of all interest and costs.

7. Venue is proper in the District of Nebraska, pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to this claim occurred in this district.

8. There is an actual controversy with respect to Redwood's coverage obligations, if any, for an injury that occurred in Nebraska.

## **FACTS**

9. This declaratory judgment action arises from a tort lawsuit filed by Prosight against Sargysan, that is captioned *Prosight Insurance v. Maksim Sargysan dba Maxim Trucking*, Case No. CI 18 8360, seeks $118,403.92 in damages, and is pending in the District Court of Douglas County, Nebraska (the "Underlying Lawsuit"). A true and correct copy of the Complaint filed in the Underlying Lawsuit is attached as Exhibit 1 and is incorporated herein.

10. Redwood issued Business Auto Policy No. 01TRM008955-01 (the "Policy") to Maxim Trucking, effective 10/07/2014. The Policy provided liability, uninsured motorists, physical damage insurance and cargo coverage subject to certain limitations, exclusions, provisions, conditions, and endorsements. A true and correct copy of the Policy is attached as Exhibit 2 and is incorporated herein.

11. The Cargo Coverage Form of the Policy provided coverage for physical loss to cargo to which the Policy applied up to the policy limits of $100,000. The Cargo Coverage Form explicitly did not create a duty to defend.

12. Section I of the Cargo Coverage Form of the Policy provides in part:

**SECTION I – COVERED AUTOS**
**A. DESCRIPTION OF COVERED AUTOS**
ITEM THREE of the Declarations shows the descriptions of "autos" that are covered "autos" for Cargo Coverage. A covered "auto" description only applies if premium is displayed in ITEM THREE of the Declarations for the given description.

1. Covered "Auto" Description
 a. SPECIFICALLY DESCRIBED "AUTOS":
 Only those "autos" described in ITEM THREE of the Declarations for which a cargo coverage premium charge is shown. . . .

13. Section II of the Cargo Coverage Form of the Policy provides in part:

**B. EXCLUSIONS**
1. This insurance does not apply to "losses" caused by any of the following: . . .

 e. Dishonest or Criminal Acts

 Dishonest or criminal act committed by:

 1) You, any of your partners, employees, directors, trustees, agents, or authorized representatives;
 2) A manager or a member if you are a limited liability company;
 3) Anyone else with an interest in the property, or their employees or authorized representatives; or
 4) Anyone else to whom the property is entrusted for any purpose.
 This exclusion applies whether or not such persons are acting alone or in collusion with other persons or whether or not such acts occur during the hours of employment.

 f. Fraud

 Voluntary parting with any "cargo" by you or anyone entrusted with the "cargo" if induced to do so by any fraudulent scheme, trick, device, or false pretense.

 g. Failure to Preserve

 Neglect of an insured to use all reasonable means to save and preserve "cargo" from further damage at and after the time of "loss". . . .

 i. Abandonment or neglect.

 j. Theft
 Theft from a fully enclosed and locked "auto", except by forced entry. . . .

2. This insurance does not apply to: . . .
 c. Indirect "Loss"

 Delay, loss of use, loss of market, diminution of value, or any other indirect "loss".

 d. Shortages

 Shortage or "loss" caused by mysterious disappearance or pilferage.

3

14. Section II of the Business Auto Coverage Form of the Policy provides in part:

**B. Exclusions**
This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". . . .

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

15. Section IV of the Business Auto Coverage Form of the Policy provides in part:

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**
We have no duty to provide coverage under this policy unless there has been full compliance with the following duties: . . .

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".
**(3)** Cooperate with us in the investigation or
settlement of the claim or defense against the "suit".

16. Allegedly, in November 2014, InTransit Inc. dba UTI Transport Solutions ("UTI"), acting as a transportation broker, selected Sargysan to ship the products, and Sargysan picked up the products but never delivered them.

17. On December 2, 2014, Redwood received notice from UTI and Nebraska Beef LTD of the loss alleged in the Underlying Lawsuit. The vehicles alleged to be involved in the shipment did not match the vehicles scheduled on the Policy.

18. In the course of investigating the loss, Redwood unsuccessfully attempted to contact Maxim Trucking by phone and mail at each known phone number and address. Redwood also investigated each known address in person, but was unable to locate any evidence of Maxim Trucking's whereabouts.

4

19. The Policy was cancelled for nonpayment effective 1/7/2015.

20. On April 28, 2015, Redwood informed claimants UTI and Nebraska Beef LTD that the Policy did not apply to the loss.

21. On September 24, 2018, Prosight, UTI's insurer, filed the Underlying Lawsuit.

22. The sole alleged basis of liability in the Underlying Lawsuit is Sargysan "converted and/or stole the [shipment] to his own use without permission or consent [from UTI] or Nebraska Beef."

## CLAIM FOR DECLARATORY RELIEF

23. Redwood realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 above.

24. The policy does not afford coverage for the claims and allegations asserted against Sargysan in the Underlying Lawsuit because the cargo loss did not occur in relation to a covered auto, the allegations in the Underlying Lawsuit implicate various exclusions, including for dishonest acts and pilferage, and Sargysan failed to cooperate as a condition precedent to obtaining insurance coverage.

25. Redwood is entitled to a declaration the Policy the Policy does not cover the cargo claims in connection with the Underlying Lawsuit.

WHEREFORE, Redwood respectfully requests that this Court issue a declaratory judgment that the Policy does not cover the cargo claims asserted by Prosight against Sargysan in the Underlying Lawsuit, and for such other and further relief as is just and equitable.

Dated: February 15, 2019

> Respectfully submitted,
> /s/ *Luke Henkenius*
> Luke Henkenius (NE Bar No. 26226)
> Jeremy Wells (NE Bar No. 24897)

Redwood Fire and Casualty Insurance Company
1314 Douglas Street, Suite 1400
Telephone: (531) 484-1188
Telephone: (402) 916-3101
Facsimile: (402) 916-3350
Email: lahenkenius@nationalindemnity.com
Email: jrwells@nationalindemnity.com

**ATTORNEYS FOR PLAINTIFF**